UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JACOB WESTBROOK                              CIVIL ACTION NO.: 18-CV-00026-JWD-RLB

VERSUS                                       JUDGE deGRAVELLES

ASCENSION PARISH SHERIFF'S                   MAGISTRATE JUDGE BOURGEOIS
OFFICE, ET AL

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
PURSUANT TO FED.R.CIV.P. 56**

**MAY IT PLEASE THE COURT:**

### I.  FACTS

Plaintiff, Jacob Westbrook, alleges in his Complaint that he was the victim of sexual assaults which occurred in the Ascension Parish jail "[o]n or about January 15 through 16, 2017". [1] The Complaint was filed on January 12, 2017.[2]

It is undisputed fact that the assaults alleged by Plaintiff, according to Plaintiff himself, actually occurred on January 10 through January 11, 2017. Detective Jason Kling of the Ascension Parish Sheriff's Office was assigned as the lead investigator on this incident.[3] He authored an investigative report relative to the Plaintiff's allegations.[4] He arrived at the jail on January 12, 2017 and conducted a series of interviews with Plaintiff, witnesses, and suspects. Jacob Westbrook met with Detective Kling on Thursday, January 12, 2017 at 2051 hours.[5] Jacob Westbrook told Detective Kling that he had been sexually assaulted and/or raped on the few days preceding January 12, 2017, specifically on January 10, 2017 and January 11, 2017.[6]

Detective Kling conducted a full interview. Detective Kling opens his interview with a

---

[1] R. Doc. 1 at ¶ 13.
[2] R. Doc. 1.
[3] Exhibit A, Declaration of Jason Kling.
[4] Exhibit B, Certified Copy of Investigative Report.

statement that "[w]e're talking today because of an incident that occurred the past few nights ah[sic] your cell."[7]  Detective Kling continues moments later, stating "Okay. Alright and so starting on let's start on Tuesday. Tuesday of this week, what happened?"[8]  Tuesday of "this week" was indisputably January 10, 2017.  Mr. Westbrook goes on to describe a sexual assault and rape which occurred on that evening.[9]  Later in the interview, Detective Kling asks "Alright, what happened Wednesday?"[10]  Mr. Westbrook then goes on to describe a subsequent rape which occurred the following day.[11]  "Wednesday" before January 12, 2017, the date of the interview, was indisputably January 11, 2017.  January 15, 2017 was a Sunday and January 16, 2017 was a Monday.

On January 13, 2017, Detective Kling swore an affidavit in support of arrest warrant before Judge Alvin Turner of the 23rd Judicial District Court.[12] In that affidavit, Detective Kling swears to the Judge that "I made contact with Jacob Westbrook (w/m 5/23/1999) who stated he was raped by Inmate Tre'Anthony James (b/m 2-6-1999) on Tuesday (1-10-2017) and Wednesday (1-11-2017)."[13]  Judge Turner signed that warrant, ordering the arrest of Tre'Anthony James, on the same date, January 13, 2017.[14]  Detective Kling applied for an identical arrest warrant relative to Kaglin Green, which was signed by Judge Turner on the same date and at the same time.[15]  Likewise, on the same date, January 13, 2017, Detective Kling swore an affidavit for issuance of a search warrant in which the same two dates of occurrence,

---

[5] Exhibit B at p. 120.
[6] Exhibit A at ¶ 3.
[7] Id.
[8] Exhibit B at p. 120.
[9] Exhibit B at pp. 120 – 127.
[10] Exhibit B at p. 128.
[11] Exhibit B at pp. 128 – 130.
[12] Exhibit B at pp. 21-22.
[13] Exhibit B at p. 21-22.
[14] Exhibit B at p. 23.
[15] Exhbiit B at pp. 29-31.

January 10-11, 2017, were the dates on which the rapes allegedly occurred.[16] Judge Turner signed that search warrant on January 13, 2017.[17] Detective Kling's Investigative Narrative is consistent with those dates and times, and all witness statements are consistent with those dates and times.[18] Jacob Westbrook never reported a rape(s) which allegedly occurred wither on January 15, 2017 or January 16, 2017.[19] The Ascension Parish Sheriff's Office has no documents generated, kept, or maintained in which Jacob Westbrook alleged a sexual assault and/or rape on any date(s) other than January 10, 2017 and/or January 11, 2017.[20]

During the course of discovery, all evidence contradicting the occurrence of the rapes on January 10, 2017 and January 11, 2017 was requested. As part of the investigation, Plaintiff was transported to the hospital, where a SANE examination was conducted. Plaintiff admits that he did tell the examining nurse that the rapes occurred on January 10, 2017, and January 11, 2017.[21] Plaintiff further admits that he testified in the criminal trial of Kaglin Green that the rapes occurred on January 10, 2017, and January 11, 2017.[22] In response to an interrogatory seeking the date(s) on which the alleged assaults occurred, Plaintiff responded "Plaintiff is traumatized by the multiple rape incidents, and being confined in the jail, he did not know what day it was at the time, and he cannot remember the exact dates of each incident."[23] When asked for evidence corroborating or supporting the date(s) of the alleged sexual assaults identified in that interrogatory, Plaintiff responded "NA".[24] Plaintiff is unable to produce any evidence that the rapes occurred on any date other than January 10, 2017, and January 11, 2017. His Complaint

---

[16] Exhibit B. at pp. 34-35.
[17] Exhibit B at p. 36.
[18] Exhibit B at pp. 001-014.
[19] Exhibit A at ¶ 7.
[20] Exhibit C at ¶ 4.
[21] Exhibit D, Discovery Responses of Jacob Westbrook, at p. 8, RFA No. 12.
[22] Exhibit D at pp. 9-10, RFA Nos. 16-17.
[23] Exhibit D at p. 2, Interrogatory No. 4.
[24] Exhibit D at p. 5, RFP No. 5.

filed on January 12, 2018, is untimely and this matter is clearly prescribed.

## II.    LAW AND ANALYSIS

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The court must consider all evidence in the light most favorable to the nonmoving party. *National Ass'n of Gov't Employees v. City Pub. Serv. Bd*., 40 F.3d 698, 712-13 (5th Cir. 1994). Nevertheless, that is only so when there is "an actual controversy," that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994).

The moving party bears the initial burden of identifying those portions of the record that it believes demonstrates the absence of a genuine issue of material fact, but it is not required to negate elements of the nonmoving party's case. *Edwards v. Your Credit, Inc*., 148 F.3d 427, 431 (5th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When a moving party alleges that there is an absence of evidence necessary to prove a specific element of a case, the nonmoving party bears the burden of presenting evidence that provides a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Thomas v. Barton Lodge II, Ltd*., 174 F.3d 636, 644 (5th Cir. 1999). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp*., *supra*.

## III. LAW AND ARGUMENT

The alleged acts giving rise to this lawsuit occurred on January 10, 2017 and January 11,

2017.[25] Plaintiff filed his Complaint on January 12, 2018, thus this matter is prescribed.

Plaintiff herein has lodged allegations pursuant to both 42 U.S.C. § 1983 and Louisiana state law. Because there is no statute of limitations period specified within § 1983, "federal courts apply the state prescription statute governing [the] most analogous cause of action." *Drury v. U.S. Army Corps. of Eng'rs*, 359 F.3d 366, 367 n.1 (5th Cir. 2004) (cleaned up). "Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal injury torts." *Wallace v. Kato*, 594 U.S. 384, 127 S.Ct. 1091, 1094, 166 L.Ed.2d 973 (2007). As a result, both the federal and state law claims are subject to the prescriptive period set forth in Louisiana Civil Code article 3492.

In Louisiana, the prescriptive period for personal injury actions is one (1) year. *See* La. C.C. art. 3492. As a result, the prescription period that is applicable to Plaintiffs' § 1983 claims is Louisiana's one-year prescriptive period for delictual actions. *See Johnson v. Lamartiniere*, 387 Fed.App'x 470, 472 (5th Cir. 2010) (cleaned up). Furthermore, while it is not alleged that either Sheriff Wiley or Paul Hall committed a "crime of violence" upon the plaintiff, arguments that Louisiana's two year prescriptive period for crimes of violence should apply in such cases has been rejected by all federal courts in Louisiana. *See Williams v. Ouachita Par. Sheriff's Dep't*, No. 17-60, 2017 WL 4401891, at *3 n. 6 (W.D. La. Aug. 28, 2017), report and recommendation adopted, No. 17-60, 2017 WL 4399277 (W.D. La. Oct. 3, 2017); *Diaz v. Guynes*, No. 13-4958, 2015 WL 1897630, at *2 (E.D. La. Apr. 27, 2015); *Cook v. Lamotte*, No. 14-428, 2015 WL 269149, at *1 n. 2 (M.D. La. Jan. 21, 2015).

The claims brought by Plaintiffs herein arise out of an incident that allegedly occurred on

---

[25] *See, e.g.* Exhibit B.

January 10-11, 2017. Plaintiff was unable to produce any evidence supporting his allegation that the rapes occurred on any date after January 11, 2017. It is important to note that in his opposition that the Bill of Information cited the date(s) of the offenses as January 15, 2017. It is uncontested that the District Attorney subsequently amended each count of said Bill of Information to reflect January 10-11, 2017.[26]

## IV. CONCLUSION

Plaintiff has the burden of producing evidence to support his claims as set forth in the *Complaint*. He is unable to produce any evidence that the rapes in question occurred on January 10-11, 2017. Considering Plaintiff did not file his action until January 12, 2017, it is submitted that the claims brought by Plaintiff occurred more than one year prior to the date of filing of his original *Complaint,* and as such, their federal and state law claims are prescribed under Louisiana law. The federal and Louisiana state law claims lodged against Defendants are time-barred and must be dismissed.

Respectfully submitted,

**FROSCH RODRIGUE ARCURI, LLC**

*By: s/Blake J. Arcuri*
Blake J. Arcuri (#32322)
Laura C. Rodrigue (#30428)
Jason P. Wixom (#32273)
1615 Poydras Street, Suite 1250
New Orleans, LA 70112
Tel: (504) 592-4600
Fax: (504) 592-4641

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of April, 2024, a copy of the foregoing has been sent

---

[26] Exhibit E, Bill of Information.

to all counsel of record by electronic CM/ECF filing, electronic mail, facsimile, or by placing a copy of same in the United States mail, first class postage pre-paid.

                                                 *By: s/Blake J. Arcuri*